IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV348-2-MU
(3:93CR28-01-MU)

JEREMIAH WELDON SLOAN,       )
    Petitioner,           )
                             )
     v.                   )      __ORDER__
                             )
UNITED STATES OF AMERICA,   )
    Respondent.          )
_____)

**THIS MATTER** comes before the Court on petitioner's third Motion To Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. §2255, filed August 4, 2005.  For the reasons stated herein, the petitioner's Motion to Vacate will be dismissed as successive.

As was noted in the Court's Order dismissing the petitioner's second Motion to Vacate (filed March 18, 2003), pertinent Court records reflect that in late 1994 a jury convicted him of various drug trafficking and firearms offenses.  Accordingly, on or about December 2, 1994, the Court sentenced the petitioner to a term of Life plus 45 years imprisonment.  The petitioner's convictions and sentences were affirmed by the Fourth Circuit Court of Appeals' mandate which was issued November 20, 1996.

On September 10, 1998, the petitioner filed his first Motion to Vacate on September.  However, by Order filed July 26, 1999, this Court dismissed that Motion as time-barred under the

Dockets.Justia.com

Antiterrorism and Effective Death Penalty Act of 1996.

At some point subsequent to the dismissal of his first Motion to Vacate, the petitioner sought permission under 28 U.S.C. §2244 from the Fourth Circuit to file another Motion to Vacate in this Court.  However, on June 26, 2001, that request was denied.

Next, on January 27, 2003, the petitioner returned to this Court with his Second Motion to Vacate.  In addition to his claims, the petitioner argued, as he did in connection with his first Motion to Vacate, that his second Motion should not be deemed time-barred because it was based upon his discovery of new evidence.  Not surprisingly, however, the Court dismissed the petitioner's second Motion to Vacate as an unauthorized succes-sive Motion. See 28 U.S.C. §2244.

Undaunted by his lack of success, the petitioner again has returned to this Court on his third Motion to Vacate.  This time, the petitioner claims that he actually is innocent of the sentence which he received in light of the U.S. Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and certain other relatively recent cases.  However, the petitioner's Motion to Vacate still must be dismissed.

Indeed, as has been noted, this is the petitioner's third attempt to collaterally challenge his 1994 convictions.  The petitioner recognized that his Motion could be construed as time-

barred, and so he argued that he is raising a claim of actual innocence; therefore, the Court should not dismiss this Motion. Timeliness aside, however, the petitioner's Motion faces more obstacles than he recognized.

To be sure, the law is well settled that before a petitioner can bring a successive motion to vacate, he first must obtain authorization to proceed with that motion from the Fourth Circuit Court of Appeals.  See 28 U.S.C. §2244(3)(A).  Thus, because it is clear from the record that no such authorization has been granted to the petitioner, this third Motion to Vacate must be dismissed.

Equally critical, to the extent that the petitioner is relying upon the decision announced in Apprendi and/or its progeny, such reliance is unavailing since the Supreme Court did not make that Apprendi retroactively applicable to cases on collateral review.  Likewise, the Fourth Circuit has stated that Apprendi cannot be retroactively applied in the collateral review context.  United States v. Sanders, 247 F.3d 139 (4th Cir), cert. denied, 534 U.S. 1032 (2001).  Therefore, even if the petitioner could now bring this successive Motion, he would not be entitled to relief on his claim of sentencing error in any event.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant successive Motion to Vacate is **DISMISSED.**

**SO ORDERED.**

**Signed: August 5, 2005**

Graham C. Mullen
Chief United States District Judge